

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,031

### Ex parte DAVID WILLIAM BAKER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 3820-A IN THE 216TH DISTRICT COURT
### FROM GILLESPIE COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The State mistakenly released applicant, and for ten months, it failed to do anything to rectify that mistake. I agree with the Court that applicant is entitled to credit for those ten months. I am less certain, however, about the remaining thirteen months. After ten months, the State did do something to rectify its mistake – it issued a warrant for arrest. If applicant had remained in Texas, that warrant could have been served and applicant returned to state jail to serve the remaining thirteen months of his sentence. But at the time the arrest warrant was issued, applicant was in China. I am aware

of no extradition treaties existing between the United States and China that would have enabled the State to forcibly return applicant to custody. According to the trial judge's findings of fact, applicant and his father knew that applicant had not completed his sentence when they left for China.

I think an absconder/due diligence rule like that articulated in *Peacock v. State*[1] for probationers should apply to cases like this. As in the probation revocation context, no express statutory authority governs the situation before us, and the potential exists for the releasee to take advantage of the situation by hiding from the authorities.[2] Under the facts before us, it appears that applicant knowingly placed himself beyond the reach of the authorities while his sentence was still pending.

But the parties and the trial court have not been alerted to the possibility that an absconder/due diligence rule might apply in this context. I would remand this case to the trial court for further factfinding concerning the reasons for applicant moving to China, what the State knew about where applicant had gone, and any efforts the State made to bring applicant into custody. I would also order briefing by the parties on whether an absconder/due diligence rule should apply in this setting, and if so, whether applicant should be considered an absconder and whether the State exercised due diligence after the arrest warrant was issued to apprehend him, including whether there

---

[1] 77 S.W.3d 285 (Tex. Crim. App. 2002).

[2] *See id.* at 289 (no express statutory authority providing for or prohibiting the extension of jurisdiction over probationers beyond the expiration of the probationary period; an absconder should not benefit from his cunning in hiding from authorities but we should be sure that the person in question is in fact an absconder).

were any appropriate international avenues for seeking or obtaining custody of applicant.

Because the Court declines to consider the issue further, I respectfully dissent.


Filed: April 1, 2009
Publish